UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30361
_____

LOUIS JENKINS, also known as Woody Jenkins,

Plaintiff-Appellant,

versus

EDWIN W. OUSSE; RAYNELLA ORTEGO; ROBERT POCHE; SHERRY A. DELCAMBRE; LONNIE JUNEAU; EVELINA H. SMITH; PAULA K. STEWART WILLIAM T. JOHNSTON; ERNIE ROBERSON; ANGELA M. QUIENALTY; VIOLA G. ROBERTS; RUBY KELLEY; SUE D. MANNING; PATRICIA B. SANDERS; GOLDA ENSMINGER; LINDA S. LILLEY; NATHANIEL W. BANKSTON; JIMMIE R. HATTAWAY; LEA MCGEHEE; TEDMUND P. SOILEAU; EDNA HATTON; SUE REEVES; MILDRED L. ADAMS; MELISSA S. ESNEAULT; ANGIE ROBERTS; SAMUEL ALTOBELLO; LORRAINE RICHARD; STEVEN BERNARD; STERLING C. DIAZ; JOHN S. ALLEN; LILLIAMN H. FALLIN; WYNONA L. GRAVES; GEORGIA JOHNSON; SANDRA THOMAS; DEBBIE WASKOM; LOUIS KELLER; FAYE PERRY; BETTY C. BALLAY; QUENTIN GUSTIN; JOANELL L. WILSON; LYNDA H. KILE; AUDREY MCGLOTHLIN; KRISTI LANGTON; RITA CRUM HORN; JANICE Z. HYMEL; BARBARA BATES; ANNIE GRAVOIS; BETTY MADERE; JOHN A. MOREAU; SUE THIBODEAUX; ARLENE NORRIS; M. DEWAYNE WALL; JOHN RUSSELL; EARL MORRIS; LINDA K. RODRIGUEZ; JOHN R. HICKS; CORBETT J. DOMINIQUE; SANDRA PERKINS; GLADYS JOHNSON; VIRGINIA FRANKLIN; SYBIL B. NEWSHAM; PEGGY HENDERSON; ANNE H. BENNETT; BARBARA M. CLARK; J. ANDRUS BAROUSSE; GERALD W. HARRINGTON; KERMIT A. BOURQUE; LAWRENCE E. BERGERON; SAMUEL G. COUVILLION; RONALD L. NICHOLS; FRANCES N. JOYNER; JOAN L. CARRAWAY; CURTIS A. WARREN; W. GARY LOFTIN; JAMES R. ANDRUS; EUGENE DUNN; DEBBIE B. THERIOT; KATHY J. JOHNSON; BETTY ANN GLADNEY; CLYDE R. WEBBER, JR.; OLLIE L. STONE; DOUG WELBORN; EDNA BISHOP BROCK; DEBBIE D. HUDNALL; WALTER LEE; FAYE T. ELKIN; J. ELRAY LEMOINE; PATRICK S. SAUNIER; J.G. DUPONT, JR.; ANN B. WALSWORTH; JON A. GEGENHEIMER; CARLTON L. DUHON; O.C. GUILLOT; VERNON H. RODRIGUE; STEVE H. CROOKS; SUE SANDERSON; LUCIUS W. PATTERSON; CAROLUYN C. CALDWELL; LILLIAN R. BOYD; LOUIE BERNARD; DALE N. ATKINS; BILL HODGE; SANDRA M. HARDIN; I.G. OLINDE; CAROLYN J. RYLAND; JUDITH W. HUCKABY; RAMONA N. HAIRE; DOLLIE M. KNIPPERS; LENA R. TORRES; CHARLES J. OUBRE, JR.; HERMAN NEWELL; EDMOND E. KINIER, JR.; HAROLD L. MONTEGUT, JR.; CHARLES JAGNEAUX; ALLEN J. BLANCHARD, SR.; CLIFF DRESSEL; MALISE PRIETO; JOHN J. DAHMER; JAMES A. KITCHEN; I. ROBERT BOUDREAUX; JOE A. BRANTLEY; RUSSELL R. GASPARD; DONALD M. PERKINS; JONNY D. CRAIN; WINIFRED B. BRINKLEY;

THOMAS J. LEBLANC; KAY BOLDING; MARY NEIL MARCHIVE; DONALD E. KELLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2613)

_____

May 12, 1998

Before DAVIS, JONES, and DENNIS, Circuit Judges.

Per Curiam:[*]

In a previous opinion, we remanded this case for an explanation by the district court concerning the evidence, if any, that Appellant produced or had the opportunity to produce which would show that certain of the appellees refused to permit inspection of precinct sign-in logs. Assertions of failure to permit such inspections underlie Appellant's only remaining claim for violation of the motor-voter law, specifically 42 U.S.C. § 1973gg-6(i).

The district court responded by a memorandum opinion entered December 31, 1997. In that order, the district court noted that while its temporary restraining order was in effect, Appellant had access to such precinct signature logs. After the court's November 27, 1996 ruling, Appellant alleged in a motion for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reconsideration that he was denied access to signature logs. Appellant's only evidence in the district court record consists of affidavits relating to denials of access to sign-in logs in December 1996. The district court concluded that Appellant had the opportunity to produce such evidence before the court's November 27 ruling, but Appellant did not do so.

Neither the district court nor this court can award declaratory or injunctive relief for violations of federal law, in this case 42 U.S.C. § 1973gg-6(i), without timely proof of ongoing or imminent violations. For this reason alone, the district court did not err in denying Appellant's request for relief. Appellant's pending motions to file supplemental briefs and to extend time to file supplemental briefs are hereby DENIED as moot.

The judgment of the district court is <u>AFFIRMED</u>.